UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MIRANDA ALEXIS HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:20-cv-00053 |
| | ) | |
| WOOD PERSONNEL SERVICES, | ) | JUDGE RICHARDSON |
| LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Plaintiff Miranda Alexis Hunt, a Tennessee resident, filed a *pro se* Complaint for employment discrimination against Defendants Wood Personnel Services, LLC ("Wood Personnel"), Karen Wells, and Todd Drumwright under Title VII of the Civil Rights Act of 1964, the Occupational Safety and Health Act of 1970, and "United States labor law." (Doc. No. 1.) Plaintiff also filed an application to proceed in this Court without prepaying fees and costs. (Doc. No. 2.) Both are now before the Court.

### **I. APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Plaintiff is 29 years of age and has two children. (*See* Doc. No. 5.) She reports no financial resources and no assets. (*Id.* at 2-3.) Her claim to have no assets at all of any kind is dubious, but it is far from implausible that she has no liquid assets of any substantial value. Plaintiff is employed and her gross monthly income narrowly exceeds her expenses. (*See id*. at 2, 4-5.) However, Plaintiff's gross income of $2,100.00 per month (not including a small amount of child support) does not significantly exceed the 2020 poverty level for a three-person household. *See*

U.S. Dep't of Health and Human Servs., *Poverty Guidelines for 2020*, https://aspe.hhs.gov/poverty-guidelines (noting annual poverty level for three-person household is $21,720). Further, Plaintiff has provided very low estimates of expenses (including zero in several categories such as clothing), and she listed no ascertainable discretionary expenses. (*Id*. at 4.) It therefore appears that Plaintiff cannot pay the full $400.00 filing fee in advance without undue hardship. Accordingly, the application will be granted.

## II. INITIAL REVIEW OF THE COMPLAINT

The Court must conduct an initial review of the Complaint and dismiss any action filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (holding the screening procedure established by § 1915(e) also applies to *in forma pauperis* complaints filed by non-prisoners), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

1. STANDARD OF REVIEW

In reviewing the complaint, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The Court must then consider whether those factual allegations "plausibly suggest an entitlement to relief," *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court need not accept as true "unwarranted factual

inferences," *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby Cty.*, 220 F.3d 433, 446 (6th Cir. 2000)), and "legal conclusions masquerading as factual allegations will not suffice," *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Even under this lenient standard, however, *pro se* plaintiffs must meet basic pleading requirements and are not exempted from the requirements of the Federal Rules of Civil Procedure. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (explaining the role of courts is not "to ferret out the strongest cause of action on behalf of *pro se* litigants" or to "advis[e] litigants as to what legal theories they should pursue").

2. FACTUAL ALLEGATIONS

Liberally construing the complaint and drawing reasonable inferences as required, the Court has identified the following factual allegations. In 2019, Plaintiff was employed by Wood Personnel and assigned to its client Lasko. (Doc. No. 1 at 5.) She received an "employee of the month" award on May 8, 2019. (*Id.* at 5.) On May 13, 2019, Plaintiff was verbally attacked by an employee (of Lasko rather than Wood Personnel, as far as the Court can tell), and Plaintiff received assurances from Lasko's human resources department that the employee would be terminated. (*Id.* at 6.) On May 16, 2019, Plaintiff was promoted to be Wood Personnel's on-site liaison at Lasko. (*Id.* at 5, 6.) She was the only minority in a leadership role. (*Id.* at 5.) However, she received very limited training for the new role. (*Id.* at 6.) On May 31, 2019, Plaintiff followed up with Lasko's

3

human resources department regarding why the employee (again, apparently an employee of Lasko) who verbally attacked her was still employed. (*Id.*) Plaintiff was thereafter dismissed from the Lasko assignment without cause and told the client said she was not "a good fit." (*Id.* at 5-6.) The Complaint alleges that Plaintiff has written proof that Lasko did not suggest or approve her dismissal. (*Id.* at 6.) Plaintiff believes that "black women are not respected" at Wood Personnel and that she was let go due to being female and the only minority in leadership. (*Id.*) The Complaint alleges that Plaintiff never violated any Wood Personnel company policy, and, in fact, had been praised for her work ethic. (*Id.* at 5.) It further alleges that Plaintiff was entitled to but denied a multi-step termination process consisting of a verbal warning and written warning before final termination. (*Id.*)

After Plaintiff was removed from the Lasko assignment, Regional Manager Karen Wells told Plaintiff to call the branch office to be reassigned. (*Id.*) Plaintiff was given "the run-around" for weeks. (*Id.*) During this period, Plaintiff's peers were contacted about open positions, but she was lied to about available jobs. (*Id.*) Eventually, Plaintiff gave up. (*Id.*) She made a complaint to the Equal Employment Opportunity Commission ("EEOC"). (*Id.*) Thereafter, when Plaintiff sought assignments at Wood Personnel, she was informed that Todd Drumwright had permanently added her name to a "do not use" list. (*Id.*)

3. DISCUSSION

The Complaint reflects that Plaintiff intends to bring several federal employment law claims against Wood Personnel, Wells, and Drumwright. Specifically, Plaintiff checked the box reflecting that she intends to bring this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), and also indicated that she seeks to bring claims under the Occupational Safety and Health Act of 1970 ("OSHA") and "United States labor law." (Doc. No. 1 at 3.) She further specified that

4

the "discriminatory conduct of which [she] complain[s]" includes not following proper termination procedure, termination of employment, and retaliation. (*Id.* at 4.) Finally, Plaintiff checked boxes reflecting that Defendant discriminated against her based on her race (i.e., African-American)[1] and gender/sex (i.e., female). (*Id.*)

### A. OSHA AND "UNITED STATES LABOR LAW" CLAIMS

The Court first addresses Plaintiff's OSHA and "labor law" claims. Plaintiff's OSHA claim must be dismissed because there is no private cause of action for an alleged OSHA violation. *Ellis v. Chase Commc'ns, Inc.*, 63 F.3d 473, 477 (6th Cir. 1995); *Madigan v. Nabisco Brands, Inc.*, 46 F. App'x 329, 331 (6th Cir. 2006); *Glasco v. Vanderbilt Univ. Sch. of Law*, No. 3:05-0603, 2006 WL 2521609, at *3 (M.D. Tenn. Aug. 30, 2006). Plaintiff's non-specific claim under "United States labor law" must also be dismissed as insufficiently pled because Plaintiff neither invokes any particular "labor law" apart from Title VII of the Civil Rights Act of 1964 ("Title VII"), nor makes factual allegations that plausibly suggest liability under any labor-related statute other than Title VII. (*See* Doc. No. 1 at 3, 5-6.)

### B. TITLE VII CLAIMS

The Court now turns to Plaintiff's Title VII claims. Before reviewing the merits, the Court first addresses the timeliness of these claims. A plaintiff must file a civil lawsuit within 90 days of receiving a right-to-sue notice from the Equal Employment Opportunity Commission ("EEOC")

---

[1] To be clear, although Plaintiff uses the term "black" in the Complaint (*see* Doc. No. 1), it is apparent that she alleges race discrimination, which in this context involves discrimination on the basis of being African-American. *See Moore v. Food Lion*, No. 3:06-0712, 2007 WL 5966955, at *2 (M.D. Tenn. Feb. 21, 2007). In contrast, discrimination on the basis of color, which is distinct from race discrimination, arises "when the particular hue of the plaintiff's skin is the cause" of discrimination among individuals of the same race. *Id.* (citations omitted). Because the Court finds that Plaintiff intended to allege discrimination on the basis of being African-American, it is not appropriate to "include additional claims of . . . color discrimination." *Id.* (quoting *Moore v. Dolgencorp, Inc.*, No. 1:05-CV-107, 2006 WL 2701058 at *3 (E.D. Mich. 2006)).

that reflects the exhaustion of administrative remedies. *See Fuller v. Mich. Dep't of Transp.*, 580 F. App'x 416, 424 (6th Cir. 2014) (citing 42 U.S.C. § 2000e-5(f)(1)) (discussing the 90-day requirement in the context of Title VII). There is a presumption that a plaintiff "receives the EEOC's [right-to-sue] letter by the fifth day after the indicated mailing date." *Id.* (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000)). Here, the EEOC right-to-sue notice is dated October 22, 2019, so the Court presumes Plaintiff received it by October 27, 2019. The Court received the Complaint on January 21, 2020, 86 days later. (Doc. No. 1 at 1.) Accordingly, the Court considers Plaintiff's claims to be timely for the purpose of initial review.

Turning to the merits, the claims against Wells and Drumwright must be dismissed. Title VII claims are properly brought against employers, and they "can only proceed against individuals who otherwise qualify as employers." *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 571 (6th Cir. 2000) (citing *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) ("[A]n individual employee/supervisor who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII.")). Here, the Complaint alleges that Wells and Drumwright each is a Wood Personnel employee with supervisory responsibility, rather than an employer of Plaintiff. Accordingly, the Title VII claims against Wells and Drumwright will be dismissed.

Plaintiff's former employer Wood Personnel, however, is a proper defendant to Title VII claims. Title VII makes it unlawful for an employer to discharge an employee because of her race or sex. 42 U.S.C. § 2000e-2(a)(1). To state a Title VII claim for discrimination on the basis of race or sex, Plaintiff must allege plausible facts that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position in question; and (4) she was treated differently from similarly situated individuals outside of her protected class.

6

*Wright v. Murray Guard, Inc.*, 455 F.3d 702, 709 (6th Cir. 2006); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 570 (6th Cir. 2004) (citing *Perry v. McGinnis*, 209 F.3d 597, 601 (6th Cir. 2000)). However, Plaintiff need not establish all elements of a *prima facie* case of discrimination at this stage. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). So long as the Complaint "provides an adequate factual basis for a Title VII discrimination claim, it satisfies the pleading requirements of Federal Rule of Civil Procedure 8(a)(2)." *Serrano v. Cintas Corp.*, 699 F.3d 884, 897 (6th Cir. 2012).

Title VII also makes it unlawful to retaliate against employees for engaging in protected conduct. 42 U.S.C. § 2000e-3(a). To state a retaliation claim, Plaintiff must allege plausible facts that: (1) she engaged in protected conduct under Title VII; (2) Wood Personnel had knowledge of this protected activity; (3) Wood Personnel thereafter took an employment action adverse to the Plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action. *Taylor v. Geithner*, 703 F.3d 328, 336 (6th Cir. 2013). Protected conduct includes opposing any practice made unlawful by Title VII, or making a charge or testifying, assisting or participating in any manner in an investigation, proceeding, or hearing under Title VII. 28 U.S.C. § 2000e-3(a).

Liberally construing the factual allegations set forth above and taking them as true, as required at this stage in the proceedings, the Court concludes that Plaintiff has stated Title VII claims against Wood Personnel sufficient to survive initial review. Regarding her discrimination claim, Plaintiff alleges that she was the only African-American female in a leadership role; she suffered an adverse employment event,[2] she was well-qualified for her position, and she was

---

[2] The Complaint is not crystal clear regarding whether Plaintiff believes she was formally terminated or constructively discharged. However, at a minimum Plaintiff alleges that she was effectively demoted, removed from the Lasko client team, and shut out of any reassignment opportunities at Wood Personnel.

7

treated differently from other Wood Personnel employees who were not African-American females. (Doc. No. 1 at 5-6.) At this stage of the case, this is a plausible claim that Plaintiff was treated differently on the basis of her race or sex. Plaintiff's Title VII discrimination claim may proceed.

Plaintiff has also stated a colorable Title VII retaliation claim. Liberally construed, the Complaint alleges that, in the time frame that Plaintiff was seeking a new assignment, Drumwright "permanently" added Plaintiff's name to Wood Personnel's "do not use" list after Plaintiff made a complaint to the EEOC. (*Id*. at 5.) The Court infers that this complaint encompassed race or sex discrimination, therefore making it protected conduct under Title VII. 28 U.S.C. § 2000e-3(a). At this juncture, the Court finds that Plaintiff's Title VII retaliation claim is sufficient and may proceed.

### III. CONCLUSION

For the reasons explained above, Plaintiff's *in forma pauperis* application (Doc. No. 2) will be granted. The Court concludes that Plaintiff has stated non-frivolous Title VII discrimination and retaliation claims against Wood Personnel. All other claims will be dismissed.

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE